PROB 12C
(6/16)

Report Date: March 31, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Sawndra King  Case Number: 0980 4:18CR06020-EFS-1

Address of Offender: Homeless- Spokane

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: May 28, 2019

Original Offense: Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Fentanyl, 21 U.S.C. § 841(a)(1),(b)(1)(c)

Original Sentence: Prison - 24 months;  Type of Supervision: Supervised Release
TSR - 48 months

Asst. U.S. Attorney: Stephanie A. Van Marter  Date Supervision Commenced: 2/11/2020

Defense Attorney: Nicholas W. Marchi  Date Supervision Expires: 2/10/2024

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number | Nature of Noncompliance

1 | **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but not more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of her period of supervised release by using a controlled substance, suboxone, on or prior to March 17, 2020.

On March 11, 2020, the offender reviewed and signed her Judgement in a Criminal Case indicating she understood she was not to use illegal controlled substances.

On March 17, 2020, a random drug test was provided by the offender while she resided at the Spokane Residential Reentry Center (RRC).  The sample was confirmed positive on March 24, 2020, for the presence of buprenorphine and norbuprenorphine, which is the positive result for suboxone. Suboxone is a controlled substance and no prescription has been provided to either the RRC or the probation office.

Prob12C
Re: King, Sawndra
March 31, 2020
Page 2

| | | |
|---|---|---|
| | 2 | **Special Condition # 6**: You must reside in a residential reentry center (RRC) for a period up to 90 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility. |

**Supporting Evidence**: The offender is considered to be in violation of her period of supervised release by violating the rules of the Spokane residential reentry center (RRC) and being removed from the facility on March 26, 2020.

On January 28, 2020, the Court signed an agreed modification adding a condition for up to 90 days at an RRC as the offender was going to release from prison homeless. The offender had requested the condition be added.

On March 6, 2020, the offender arrived at the RRC in Spokane, Washington, and was admitted. All rules and expectations were explained and the offender agreed to comply.

On March 11, 2020, the offender review and signed her Judgement in a Criminal Case indicating she understood she needed to remain at the RRC for up to 90 days and that she needed to comply with all rules of the facility.

As noted above, on March 17, 2020, a random drug test was provided by the offender. The sample was sent to Redwood Toxicology Laboratory where it was confirmed positive on March 24, 2020, for the presence of buprenorphine and norbuprenorphine, which is the positive result for suboxone. The offender had been advised by the RRC she could not have suboxone at the facility. The offender had also been directed by her supervising probation officer on March 12, 2020, not to obtain or use suboxone without a prescription. The basis for the restriction was to make sure there would not be any negative reactions by mixing the suboxone with the medications which had been issued by the Bureau of Prisons. The offender was advised she needed to consult with a doctor to review her medication regiment and provide documentation that she could quit using some of her current medications and be moved to suboxone. The requested medical information was not provided nor was a prescription for suboxone.

On March 20, 2020, the offender was approved to leave the facility to attend a medical appointment. The offender was scheduled to return by 5 p.m. but did not return until 5:54 p.m. The location of the appointment was only a 4 minute walk away from the RRC. Due to the late arrival, the offender was placed on a global positioning system (GPS) tracking device by the RRC.

On March 25, 2020, an email was received from the RRC stating the offender was going to be terminated from the facility due to violating the controlled substance restrictions by testing positive for suboxone. The offender was effectively removed from the RRC on March 26, 2020.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

Prob12C
**Re: King, Sawndra**
**March 31, 2020**
**Page 3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  03/31/2020

s/David L. McCary

David L. McCary
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  Other

*Edward F. Shea*

Signature of Judicial Officer

March 31, 2020

Date